**KATTEN MUCHIN ROSENMAN LLP**
Joel R. Weiner (SBN 139446)
joel.weiner@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Plaintiff
PAX Labs, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAX LABS, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>    vs.<br><br>PHILIP MORRIS USA INC., a Virginia corporation,<br><br>           Defendant. | Case No. 15-cv-3766<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff PAX Labs, Inc. ("PAX Labs"), by and through its attorneys, for its Complaint against Defendant Philip Morris USA Inc. ("Defendant"), states as follows:

## NATURE OF THE ACTION

1. PAX Labs brings this action to obtain a declaration that the "diamond window" that appears on its JUUL electronic cigarettes does not infringe Defendant's purported trade dress rights in a "roof design" that ornaments the packages of Defendant's Marlboro cigarettes.

2. The diamond window that appears on the JUUL vaporizer device and "pods," which are inserted into the device and contain the nicotine liquid, is the optimal shape for allowing users to see the level of liquid that remains.

3. PAX Labs released its JUUL e-cigarette in June 2015.

4. As described more fully below, although PAX Labs is an emerging company, it has already developed a reputation for offering high-quality, sleekly-designed products.

5. Defendant, however, wishes to stop PAX Labs in its tracks. It sent PAX Labs a cease and desist letter, claiming that the diamond window infringed the "roof design" that appears on the packaging of its Marlboro cigarettes. Defendant demanded that PAX Labs cease all use of the diamond window, including changing all promotional materials with images of the JUUL products. It also claimed that PAX Labs could be subject to an injunction and damages award, consisting of profits, costs, and attorneys' fees.

6. PAX Labs seeks declaratory relief from this Court to prevent Defendant from attempting to monopolize an ornamental design on a package and permit PAX Labs to continue using the diamond window. Defendant's demand essentially seeks to prevent use of any and all triangular shapes, including the diamond window on the JUUL product, even though it differs from the shape used by Defendant and serves a functional purpose. Changing the diamond window would cause irreparable harm to PAX Labs, as more fully explained herein.

## THE PARTIES

7. PAX Labs is a Delaware corporation with its principal place of business at 660 Alabama Street, 2nd Floor, San Francisco, California 94110.

8. On information and belief, Defendant Philip Morris USA is a Virginia corporation having its principal place of business at 6601 West Broad Street, Richmond, Virginia 23230.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over the subject matter of this action under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*; 28 U.S.C. §§ 1331 and 1338; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10. This Court has personal jurisdiction over the Defendant based upon its activities within the State of California, which, upon information and belief, include Defendant's transaction of business within this judicial district and Defendant's demands against PAX Labs.

11. Venue is proper in this district under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims in this action occurred in this judicial district.

## FACTS

### PAX Labs' Business and JUUL Product

12. Founded by two Stanford Design Program graduates, PAX Labs aspires to redefine the future of smoking by creating beautiful, technologically-advanced products. PAX Labs is a small but quickly growing company that has had significant early success with electronic-cigarettes, or "e-cigarettes."

13. The first two national products in which PAX Labs was involved in the creation and offering, "PAX" and "PAX 2," were praised for their ease of use, ability to optimize temperature, and high quality vapor. *See* Josh Rubin, *PAX 2 Vaporizer Improves on the Original*, Cool Hunting (Mar. 10, 2015) available at http://www.coolhunting.com/tech/pax-2-vaporizer.

14. In early June 2015, PAX Labs released its newest e-cigarette under the brand name "JUUL."

15. Many e-cigarettes are large and difficult to assemble. PAX Labs' JUUL product solves these problems; it has a simple, but attractive shape that easily fits in a user's pocket.

16. The JUUL e-cigarette consists of a vaporizer device and a "pod" that both contains the nicotine juice and serves as the mouthpiece for the device. The device is battery-operated and can be recharged through a USB charger. There is a small light on the front of the device that

1  indicates whether the device needs to be recharged. The device, USB charger, and four pods are
2  sold together for $49.99. Refill pods are available in packs of four for $15.99.



11   17.   The "pods" (shown above to the right of the device) have a black base with colored
12  caps to indicate the flavor of the nicotine juice—miint, fruut, bruulé, or tabaac. Once the cap is
13  removed, the pod can be inserted into the device.

14   18.   The top of the device and the pod are indented so that when the two pieces are
15  assembled, a diamond window is formed (the "Diamond Window.")

16   19.   This Diamond Window serves the important functional purpose of permitting users
17  to see the level of liquid that is left in the pod. The window's diamond shape allows for optimum
18  viewing of the liquid level.

19   20.   The JUUL e-cigarette has been promoted extensively for over three months at the
20  cost of many millions of dollars, and has been sold throughout the United States for over two
21  months. It has already received wide positive recognition for its appealing design, nicotine content,
22  and ease of use. *See, e.g.*, *PAX JUUL: The iPhone of E-Cigs?*, Men's Fitness (June 1, 2015),
23  http://www.mensfitness.com/life/gearandtech/pax-juul-iphone-e-cigs. In fact, it has been hailed as
24  the "iPhone" of e-cigarettes. *See, e.g.,* David Pierce, *This Might Just be the First Great E-Cig*,
25  Wired (Apr. 21, 2015), http://www.wired.com/2015/04/pax-juul-ecig/.

26   **Defendant's Claimed Rights and Allegations of Infringement**

27   21.   On information and belief, Defendant is the largest seller of cigarettes in the United
28  States. On information and belief, it routinely makes over one billion dollars in sales annually.

22. On information and belief, "Marlboro" is one of the brand names under which Defendant sells cigarettes.

23. Defendant is the owner of U.S. Trademark Registration No. 4,170,978 for a "roof design" in connection with tobacco products, namely cigarettes, smokeless tobacco, and snus. The registration issued on July 10, 2012 and is not incontestable, meaning that such registration is subject to cancellation if, among other reasons, it is merely descriptive and not recognized as a source of origin by the consuming public.

24. On information and belief, this roof design ornaments the packages for Marlboro cigarettes. Further, on information and belief, the mark MARLBORO always appears directly underneath the roof design.

25. On June 16, 2015, Defendant sent PAX Labs a cease and desist letter regarding PAX Labs' use of the Diamond Window. (The letter is attached as <u>Exhibit A</u>.)

26. Specifically, Defendant claimed that PAX Labs' use of the Diamond Window constituted "trademark infringement, unfair competition, false endorsement, and false affiliation, and is highly likely to cause confusion, mistake, and/or deception among consumers." (Ex. A at 2.) Defendant also alleged that continued use of the Diamond Window constituted "willful infringement," and that PAX Labs could be liable for injunctive relief, its profits, treble damages, costs, and attorneys' fees from "bringing a lawsuit to rectify the situation . . . ." (*Id.*)

27. Moreover, Defendant demanded that PAX Labs "immediately" agree to and comply with the terms laid out in its letter, which included ceasing all use of the Diamond Window. (*Id.*)

28. Counsel for PAX Labs responded on or about July 1, 2015, and counsel for the parties have had several conversations.

29. Throughout discussions between counsel, Defendant has repeatedly asserted that it believes PAX Labs' use of the Diamond Window infringes its rights in the roof design. Additionally, PAX Labs' request for a meeting without preconditions between business representatives to discuss a business resolution that would resolve Defendant's concerns but not cause irreparable harm to PAX Labs was rejected.

30. Defendant's ongoing claims of infringement have created a cloud over PAX Labs' ability to sell its product with the Diamond Window. PAX Labs continues to be at risk as it invests more effort and resources into its JUUL e-cigarette, and as its JUUL e-cigarette continues to grow in popularity.

**There is No Likelihood of Confusion**

31. PAX Labs invested significant resources to develop a window-shape that permits maximum viewing of the liquid level, while being consistent with PAX Labs' reputation for having sleekly-designed e-cigarettes.

32. The Diamond Window was selected by PAX Labs because it achieves those goals. As such, its purpose is primarily functional.

33. Additionally, the shape of the Diamond Window is dissimilar in appearance to the roof design on the packages of Marlboro cigarettes. The clearly visible uses of "Marlboro" immediately below the roof design on cigarette packages by Defendant and "JUUL" on both the packaging and the device itself by PAX Labs helps to further distinguish the products and identify the different sources of the parties' products.

34. PAX Labs wishes to distinguish its products from those of any other company—including Defendant—and there is an absence of any evidence of an intent to create confusion between the parties.

35. Despite months of marketing, promotion, and sales, PAX Labs is currently unaware of any instances of actual confusion. And notwithstanding its demand of immediate compliance, no evidence of actual confusion has been provided by the Defendant.

36. Moreover, on information and belief, consumers choosing to buy an e-cigarette spend time and attention before making a decision regarding which e-cigarette to purchase.

37. Given the utilitarian functions of the Diamond Window, the dissimilarities between the Diamond Window and the "roof design," the parties' respective use of their own brand names on the packaging and/or products themselves, PAX Labs' good-faith creation of the Diamond Window, and the time spent by consumers before investing in a e-cigarette, there is no likelihood of

confusion between the Diamond Window and Defendant's claimed trade dress rights in the roof design.

### Defendant's Alleged Roof Design Trade Dress is Merely Descriptive

38. The roof design that is the subject of Registration No. 4,170,978 used on Defendant's packaging is a basic, geometric shape. It is used as mere ornamentation or decoration, and it does not serve as an indication of source. As such, the roof design is not inherently distinctive.

39. Additionally, there is no secondary meaning associated with the roof design when it is used without the word "Marlboro" directly underneath it.

40. Therefore, the roof design is merely descriptive and not protectable under the Lanham Act.

### An Actual Case or Controversy Exists

41. An actual case or controversy exists between PAX Labs and Defendant arising from Defendant's repeated allegations that PAX Labs' Diamond Window infringes Defendant's purported trade dress rights and demands that PAX Labs cease use of the Diamond Window. Defendant's threats of litigation started in its June 16, 2015 letter to PAX Labs. In subsequent conversations between the parties' counsel, Defendant maintained the position that PAX Labs' Diamond Window was infringing its alleged rights in the roof design.

42. With each passing day, PAX Labs invests more of its time and resources promoting and developing its JUUL e-cigarette. PAX Labs has a right to obtain certainty with respect to its ability to continue using the Diamond Window on the JUUL e-cigarette, so that it is not left guessing as to what actions Defendant will take or when.

43. Therefore, declaratory relief is proper because there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

# COUNT I

## (DECLARATORY JUDGMENT FOR NONINFRINGEMENT OF TRADEMARK)

44. PAX Labs realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

45. PAX Labs seeks a declaration under 28 U.S.C. §§ 2201 and 2202 that its use of the Diamond Window on the JUUL e-cigarette, as described herein, does not infringe or violate, under the trademark laws of the United States, including 15 U.S.C. §§ 1114 and 1125, any claimed trade dress right of Defendant.

46. Should this Court find that PAX Labs' Diamond Window is purely functional, and/or is being used other than as an indication of source, pursuant to 15 U.S.C. § 1115(b) and the authority of the United States Supreme Court in *KP Permanent Make-up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004), PAX Labs requests a declaration that its use of the Diamond Window is authorized by law and that it may continue use of its Diamond Window without restriction.

47. Pursuant to 15 U.S.C. § 1115(b), to the extent it is found that Defendant sent its letter of June 16, 2015 and made its demands that PAX Labs cease all use of the Diamond Window in bad faith, and not as a result of a reasonable belief that a likelihood of confusion existed, PAX Labs requests that any and all claims made by Defendant be dismissed under the equitable doctrine of unclean hands.

# COUNT II

## (DECLARATORY JUDGMENT FOR CANCELLATION OF DEFENDANT'S TRADEMARK REGISTRATION)

48. PAX Labs realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

49. Under 15 U.S.C. § 1064, a person who believes he is likely to be damaged by registration of a mark on the Principal Register may petition to cancel the registration.

50. In any action involving a registered mark, a court has the power to cancel the registration pursuant to 15 U.S.C. § 1119.

51. PAX Labs believes it is likely to be damaged by maintenance of Defendant's Registration No. 4,170,978 because Defendant is asserting that registration against PAX Labs in an effort to disrupt its business. Accordingly, PAX Labs has standing to seek cancellation of Plaintiff's registration.

52. On information and belief, consumers do not view the mark that is the subject of Registration No. 4,170,978 as an indication as source, and the mark is instead merely descriptive with no secondary meaning.

53. PAX Labs seeks a declaration under 28 U.S.C. §§ 2201 and 2202 that the mark shown in Registration No. 4,170,978 is void, invalid, and should be cancelled because the mark as used by Defendant is merely descriptive pursuant to 15 U.S.C. § 1052(e), and does not serve to designate products as coming only from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, PAX Labs respectfully prays for relief as follows:

1. A declaration that PAX Labs' use of the Diamond Window does not infringe or otherwise constitute a violation of any of Defendant's trademark or trade dress rights;

2. A declaration that PAX Labs can continue its current use of the Diamond Window, as described in this Complaint;

3. An order, certified to the Director of the U.S. Patent and Trademark Office, for cancellation of Registration No. 4,170,978, on the ground that the mark shown in the registration is merely descriptive;

4. An award of costs and reasonable attorneys' fees incurred in this action pursuant to 15 U.S.C. §1117; and

5. Such other relief the Court deems appropriate.

Dated: August 17, 2015        KATTEN MUCHIN ROSENMAN LLP
Joel R. Weiner

By: ___/s/___
Joel R. Weiner
Attorneys for Plaintiff PAX Labs, Inc.

8
COMPLAINT

**DEMAND FOR JURY TRIAL**

PAX Labs hereby demands trial by jury on all claims so triable.

Dated: August 17, 2015

KATTEN MUCHIN ROSENMAN LLP
Joel R. Weiner

By: _____/s/_____
Joel R. Weiner
Attorneys for Plaintiff PAX Labs, Inc.